GIBSON, DUNN & CRUTCHER LLP
MICHELE L. MARYOTT, SBN 191993
    MMaryott@gibsondunn.com
KATIE M. MAGALLANES, SBN 300277
    KMagallanes@gibsondunn.com
3161 Michelson Drive
Irvine, California  92612-4412
Telephone:    949.451.3800
Facsimile:    949.451.4220

GIBSON, DUNN & CRUTCHER LLP
KATHERINE V.A. SMITH, SBN 247866
    KSmith@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071
Telephone:    213.229.7000
Facsimile:    213.229.7520

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

JUAN RODRIGUEZ, an individual;
ALEXANDRIA BLACKWELL, an individual;
BRYANT HERNANDEZ, an individual;
CHARLENE CANNON, an individual; ERIC
GREIMANN, an individual; ISABELLA ISLAS,
an individual; LISA LEON, an individual;
SKYMEISHA BUTTS, an individual; and
OSCAR GARCIA, an individual; each
as an individual and on behalf of all others
similarly situated,

                Plaintiffs,

     v.

LOWE'S HOME CENTERS, LLC, f/k/a Lowe's
Home Centers, Inc.; and DOES 1-50, inclusive,

             Defendants.

CASE NO. 3:23-cv-00453-MMC

**NOTICE OF MOTION AND MOTION BY
DEFENDANT LOWE'S HOME
CENTERS, LLC TO DISMISS OR
TRANSFER ACTION; MEMORANDUM
OF POINTS AND AUTHORITIES**

**Hearing:**
Date:      April 14, 2023
Time:     9:00 a.m.
Place:    Courtroom 7
          450 Golden Gate Ave.
          San Francisco, CA, 94102

Action Filed:  January 31, 2023
Trial Date:    None Set

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on April 14, 2023, at 9:00 a.m. in Courtroom 7 of the United States Courthouse at 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Maxine M. Chesney, Defendant Lowe's Home Centers, LLC ("Defendant" or "Lowe's"), by and through its counsel of record, will and hereby does move the Court to enter an order dismissing or transferring this action based on the first-to-file rule and 28 U.S.C. § 1404.

Lowe's seeks an order pursuant to the first-to-file rule dismissing this action or transferring it to the Southern District of California where *Merhi v. Lowe's Home Center, LLC*, Case No. 3:22-cv-00545-LL-MDD (S.D. Cal.) ("*Merhi*"), the first-filed action, is currently pending. Lowe's is similarly seeking to dismiss or transfer *Azizpor v. Lowes Home Centers, LLC*, Case No. 3:23-cv-00085-MMC (N.D. Cal) ("*Azizpor*"), the second-filed action. *See Azizpor* Dkt. 28. The Court should dismiss or transfer this action because the *Merhi* and *Azizpor* actions (in which the plaintiffs are represented by the same counsel) fully and fairly represent the interests of Plaintiffs here. The *Merhi* and *Azizpor* plaintiffs assert the *same* claims Plaintiffs raise here on behalf of a more expansive population of Lowe's employees in California. Due to the clear overlap of claims in both cases, dismissal or transfer of this action will undoubtedly conserve judicial and party resources with no prejudice to Plaintiffs, each of whom fall within the putative classes in both earlier-filed lawsuits. Transfer to the Southern District is also appropriate under 28 U.S.C. § 1404.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the accompanying Request for Judicial Notice, all papers and pleadings from this case on file with the Court, all other matters of which the Court may take judicial notice, any further evidence or argument offered to the Court at the hearing on this Motion, and any other matters the Court may consider. By seeking to dismiss or transfer this action now, Lowe's expressly reserves all rights to move to limit the scope of the class and/or collective claims asserted in Plaintiffs' First Amended Complaint and to exclude individuals subject to arbitration agreements. In particular, Plaintiffs cannot pursue claims on behalf of other Lowe's employees who signed binding and enforceable arbitration agreements, in which they expressly agreed to arbitrate all claims against Lowe's on an individual basis

Gibson, Dunn & Crutcher LLP

and not to pursue claims in court on a class or collective action basis. Lowe's reserves all rights to move to exclude these individuals from this action and will seek such relief at the appropriate time. *See Hill v. Xerox Business Servs. LLC*, 59 F.4th 457, 466 (9th Cir. 2023).

DATED: March 2, 2023

GIBSON, DUNN & CRUTCHER LLP
MICHELE L. MARYOTT
KATHERINE V.A. SMITH
KATIE M. MAGALLANES

By: */s/ Katie M. Magallanes*
    Katie M. Magallanes

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

1

**TABLE OF CONTENTS**

2
                                                                                    **Page**

3   I.      INTRODUCTION ................................................................................................ 1

4   II.     FACTUAL AND PROCEDURAL BACKGROUND.......................................... 2

5           A.      Plaintiffs' Claims in This Action ........................................................... 2

6           B.      The Overlapping Claims in *Merhi v. Lowe's Home Centers, LLC* ............................... 4

            C.      The Overlapping Claims in *Azizpor v. Lowe's Home Centers, LLC* ........................... 5

7   III.    ARGUMENT ...................................................................................................... 7

8           A.      This Court Should Dismiss or Transfer This Action Under the First-to-File
9                   Rule ........................................................................................................ 7

10                  1.      The Court Should Use Its Discretion and Apply the First-to-File Rule............ 8

                    2.      This Court Should Dismiss This Action Under the First-to File Rule ........... 12

11                  3.      Alternatively, Transfer Is Appropriate Under the First-to-File Rule ............. 14

12          B.      Transfer Is Also Appropriate Under Section 1404(a) ................................ 15

13  IV.     CONCLUSION ................................................................................................ 18

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION TO DISMISS OR TRANSFER ACTION
CASE NO. 3:23-CV-00453-VC

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Animal Legal Def. Fund v. U.S. Food & Drug Admin.*,
    836 F.3d 987 (9th Cir. 2016)................................................................................................12

*Armstrong v. Michaels Stores, Inc.*,
    59 F.4th 1011 (9th Cir. 2023)................................................................................................8

*Backgrid USA, Inc. v. Enttech Media Grp. LLC.*,
    2020 WL 6888723 (C.D. Cal. Oct. 1, 2020)........................................................................18

*In re Bozic*,
    888 F.3d 1048 (9th Cir. 2018)................................................................................................6

*Church of Scientology of Cal. v. U.S. Dep't of Army*,
    611 F.2d 738, 750 (9th Cir. 1979)........................................................................................12

*Clayborn v. Amazon.com Services, LLC*,
    2021 WL 7707763 (C.D. Cal. Nov. 9, 2021)......................................................................22

*Cohn v. Oppenheimerfunds, Inc.*,
    2009 WL 3818365 (S.D. Cal. Nov. 12, 2009)....................................................................21

*Davis v. MacuHealth Distrib., Inc.*,
    2020 WL 2793078 (E.D. Cal. May 29, 2020) ............................................................... 12, 20

*Ellis v. Costco Wholesale Corp.*,
    657 F.3d 970 (9th Cir. 2011)................................................................................................18

*eNom, Inc. v. Philbrick*,
    2008 WL 4933976 (W.D. Wash. Nov. 17, 2008) ........................................................ 19, 21

*Fernandez v. Boiron, Inc.*,
    2021 WL 1889763 (C.D. Cal. Apr. 26, 2012) ....................................................................22

*Foster v. Nationwide Mut. Ins. Co.*,
    2007 WL 4410408 (N.D. Cal. Dec. 14, 2007)....................................................................23

*Gatdula v. CRST Int'l, Inc.*,
    2011 WL 445798 (E.D. Cal. Feb. 8, 2011) ........................................................................20

*Hawkins v. Gerber Prods. Co.*,
    924 F. Supp. 2d 1208 (S.D. Cal. 2013)..............................................................................22

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Hill v. Xerox Business Servs. LLC*,
　59 F.4th 457 (9th Cir. 2023)...............................................................................................7

*Hilton v. Apple Inc.*,
　2013 WL 5487317 (N.D. Cal. Oct. 1, 2013).....................................................................12

*Horne v. Nissan N. Am., Inc.*,
　2018 WL 746467 (E.D. Cal. Feb. 6, 2018) .................................................................14, 17

*Howell v. Leprino Foods Co.*,
　2020 WL 1820052 (E.D. Cal. Apr. 10 2020) ...................................................................18

*Hoyt v. Amazon.com, Inc.*,
　2019 WL 1411222 (N.D. Cal. Mar. 28, 2019) ..................................................................13

*Imhoff v. Cal. Tchrs. Ass'n*,
　2019 WL 294310 (E.D. Cal. Jan. 23, 2019)......................................................................20

*Inherent.com v. Martindale-Hubbell*,
　420 F. Supp. 2d 1093 (N.D. Cal. 2006) ...........................................................................19

*Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*,
　544 F. Supp. 2d 949 (N.D. Cal. 2008) ..............................................................................18

*Jeske v. Cal. Dep't of Corr. and Rehab.*,
　2012 WL 1130639 (E.D. Cal. Mar. 30, 2012) .............................................................19, 20

*Jolly v. Purdue Pharma L.P.*,
　2005 WL 2439197 (S.D. Cal. Sept. 28, 2005)..................................................................21

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*,
　787 F.3d 1237 (9th Cir. 2015)..........................................................................................12

*Location Servs., LLC v. Digit. Recognition Network, Inc.*,
　2018 WL 3869169 (E.D. Cal. Aug. 15, 2018)..............................................................13, 17

*Lou v. Belzberg*,
　834 F.2d 730 (9th Cir. 1987)............................................................................................22

*Maciel v. Flowers Foods, Inc.*,
　2020 WL 5760448 (N.D. Cal. Sept. 28, 2020) .................................................................20

*Medlock v. HMS Host USA, Inc.*,
　2010 WL 5232990 (E.D. Cal. Dec. 16, 2010) ..............................................................14, 20

Gibson, Dunn &
Crutcher LLP

iii

**TABLE OF AUTHORITIES**
(continued)

**Page**

*N. S B v. Pascarella,*
   2020 WL 3492562 (E.D. Cal. June 26, 2020) .................................................................20

*Nakash v. Marciano,*
   882 F.2d 1411 (9th Cir. 1989) ......................................................................................14

*Negrete v. Petsmart, Inc.,*
   2013 WL 4853995 (E.D. Cal. Sept. 10, 2013) .......................................................... 13, 21

*Pac. Coast Breaker, Inc. v. Conn. Elec., Inc.,*
   2011 WL 2073796 (E.D. Cal. May 24, 2011) .................................................................15

*Peak v. Green Tree Fin. Servicing Corp.,*
   2000 WL 973685 (N.D. Cal. July 7, 2000) ...................................................... 13, 17, 18

*Saleh v. Titan Corp.,*
   361 F. Supp. 2d 1152 (S.D. Cal. 2005) ...........................................................................21

*Shields v. Amerigas Propane, Inc.,*
   2015 WL 5436772 (E.D. Cal. Sept. 15, 2015) .................................................................20

*SMIC, Ams. v. Innovative Foundry Techs. LLC,*
   473 F. Supp. 3d 1021 (N.D. Cal. 2020) ...........................................................................18

*Tompkins v. Basic Rsch. LL,*
   2008 WL 1808316 (E.D. Cal. Apr. 22, 2008) ................................................................19

*Urbina v. Freedom Mortg. Corp.,*
   2020 WL 4194086 (E.D. Cal. July 21, 2020) ................................................................15

*Valencia v. VF Outdoor, LLC,*
   2020 WL 7406007 ...........................................................................................................22

*Wallerstein v. Dole Fresh Vegetables, Inc.,*
   967 F. Supp. 2d 1289 (N.D. Cal. 2013) ...................................................................... 13, 20

*Zanze v. Snelling Servs., LLC,*
   412 F. App'x 994 (9th Cir. 2011) ...................................................................................18

*Zerez Holdings Corp. v. Tarpon Bay Partners, LLC,*
   2018 WL 402238 (E.D. Cal. Jan. 12, 2018) ...................................................................19

**STATUTES**

28 U.S.C. § 1391 ...........................................................................................................22

DEFENDANT'S MOTION TO DISMISS OR TRANSFER ACTION
CASE NO. 3:23-CV-00453-VC

**TABLE OF AUTHORITIES**
(continued)

Page

28 U.S.C. § 1391(b)(2) ...............................................................................................................22

28 U.S.C. § 1404 ..................................................................................................7, 13, 20, 21

Cal. Labor Code § 201 ......................................................................................................8, 10, 11

Cal. Labor Code § 202 ......................................................................................................8, 10, 11

Cal. Labor Code § 203 ......................................................................................................8, 10, 11

Cal. Labor Code § 204 ......................................................................................................8, 10, 11

Cal. Labor Code § 226 ......................................................................................................8, 10, 11

Cal. Labor Code § 226.7 ...................................................................................................8, 9, 11

Cal. Labor Code § 510 ......................................................................................................8, 9, 11

Cal. Labor Code § 512 ......................................................................................................8, 9, 11

Cal. Labor Code § 1174 ....................................................................................................8, 10, 11

Cal. Labor Code § 1194 ....................................................................................................8, 9, 11

Cal. Labor Code § 2802 ....................................................................................................8, 10, 11

**OTHER AUTHORITIES**

U.S. District Courts—Median Time From Filing to Disposition of Civil Cases, by Action Taken, During the 12-Month Period Ending September 30, 2022, available at
    https://www.uscourts.gov/sites/default/files/data_tables/jb_c5_0930.2022.pdf.................................21

**RULES**

Fed. R. Civ. P. Rule 12(b)(1)..............................................................................................18

Local Rule 3-12 .................................................................................................................8

Gibson, Dunn &
Crutcher LLP

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

### I.    INTRODUCTION

3      Each and every one of Plaintiffs' ten claims is already being pursued in two earlier-filed putative

4  class and collective actions brought by the same lawyers that encompass the same group of non-exempt

5  Lowe's employees who Plaintiffs seek to represent here.  Plaintiffs' duplicative suit is at the end of a

6  line of actions that go back nearly a year:  *Merhi v. Lowe's Home Center, LLC*, Case No. 3:22-cv-

7  00545-LL-MDD (S.D. Cal.) ("*Merhi*") and *Azizpor v. Lowe's Home Centers, LLC*, Case No. 3:23-cv-

8  00085-MMC (N.D. Cal.) ("*Azizpor*").  Plaintiffs' claims are *identical* to the claims raised in the *Merhi*

9  and *Azizpor* actions—Plaintiffs do not bring a single unique claim or theory of liability, nor do they

10  seek to represent any additional putative class members.  Indeed, the *Azizpor* plaintiffs successfully

11  moved for an order relating this action, admitting that the two cases "concern substantially the same

12  parties as well as alleged events," that the named Plaintiffs here are "alleged putative class member[s]

13  in *Azizpor*," and that "the alleged Cal. Lab. Code violations asserted in each case are substantially the

14  same."  *Azizpor* Dkt. 24.  As the *Merhi* and *Azizpor* plaintiffs are also represented by the same counsel,

15  this action accomplishes nothing except unnecessarily adding *yet another* duplicative case to the

16  Court's docket.  The Court should therefore dismiss this action outright, or, at a minimum, transfer it

17  to the forum where the first-filed case—*Merhi*—is pending.

18      The Court has the authority under the first-to-file rule to "transfer, stay, or dismiss [a later-filed

19  case] in the interest of efficiency and judicial economy."  *In re Bozic*, 888 F.3d 1048, 1051–52 (9th

20  Cir. 2018).  A better case to apply the first-to-file rule is hard to imagine.  Dismissal, or at a minimum,

21  transfer are both appropriate remedies in light of the earlier-filed putative class and collective actions

22  that assert the same claims against Lowe's on behalf of the same putative class.  This Court should

23  preclude Plaintiffs' counsel from simultaneously pursuing three identical lawsuits: two of which are

24  currently pending before this Court and were filed after the first-filed action that is currently pending

25  in another district.  Allowing three lawsuits containing duplicative claims to proceed simultaneously is

26  a clear waste of judicial and party resources.  Indeed, the parties have already fully briefed a motion to

27  compel arbitration of the *Merhi* plaintiffs' claims, which raises issues relevant to the *Azizpor* matter as

28  well as this action.  As there can be no reasonable dispute that there are already two earlier-filed actions

1

that would resolve, if not entirely eliminate, all of the disputed issues in this case, the first-to-file rule unquestionably supports outright dismissal, or, at a minimum, transfer of this action to the Southern District of California where the first-filed action is currently pending.

Transfer is also appropriate under 28 U.S.C. § 1404 because permitting Plaintiffs' action to proceed in this District, while identically pled claims are pending in the Southern District, would waste limited judicial resources and risk inconsistent judgments regarding the same legal and factual questions which may be decided as to the same group of Lowe's employees.

Accordingly, whether by way of dismissal or transfer, Plaintiffs should not be permitted to litigate duplicative claims in this Court.

By filing this motion, Lowe's does not waive, and expressly reserves, all rights to move to limit the scope of the class, collective, and/or representative claims asserted in Plaintiffs' First Amended Complaint to exclude individuals subject to arbitration agreements at the appropriate time. *See Hill v. Xerox Business Servs. LLC*, 59 F.4th 457, 466 (9th Cir. 2023).

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Plaintiffs' Claims in This Action

On January 31, 2023, Plaintiffs[1] filed this action against Lowe's on behalf of themselves and a putative class and an FLSA collective. Dkt. 1. On February 26, 2023, Plaintiffs filed a First Amended Complaint. Dkt. 15 ("FAC"). Plaintiffs' alleged "Class" is defined as "[a]ll current and former hourly, non-exempt workers employed by [Lowe's] throughout California any time starting four years prior to the filing of this Complaint until resolution of this action." *Id.* ¶ 65. Plaintiffs' alleged "FLSA Collective" is defined as "[a]ll current and former hourly, non-exempt employees of [Lowe's] in California during the time period three years prior to the filing of this Complaint until resolution of this action." *Id.* ¶ 55. On February 14, 2023, the *Azizpor* plaintiffs—represented by the same counsel here—filed a Notice of Motion and Administrative Motion to Consider Cases To Be Related Per Civil L.R. 3-12. *See Azizpor* Dkt. 24. In that motion, the *Azizpor* plaintiffs moved to relate *Azizpor* and

---

[1] On March 1, 2023, the Court entered an order approving the parties' stipulation to submit the claims of Plaintiffs Blackwell, Hernandez, Cannon, Leon, Butts, and Garcia to individual arbitration. *See* Dkt. 20. The order also dismissed Plaintiff Islas from this action with prejudice. *See id.* Only the claims asserted by Plaintiffs Rodriguez and Greimann remain. *See id.*

*Rodriguez* because they believed both actions "concern substantially the same parties as well as alleged events," that Plaintiff Rodriguez is "an alleged putative class member in *Azizpor*," and "the alleged Cal. Lab. Code violations asserted in each case are substantially the same." *Id.* at 2–3. The *Azizpor* plaintiffs further explained that, if the cases were not related "[t]here will likely be a duplication of labor and expense, including Court resources, and the risk of conflicting results, if *Azizpor* and *Rodriguez* are conducted before different judges." *Id.* at 3. On February 23, 2023, this Court found that *Azizpor* and *Rodriguez* are related pursuant to Civil Local Rule 3-12, and this action was reassigned to this Court. *See* Dkts. 16, 17; *see also* Civil L.R. 3-12. Lowe's has also filed a motion to dismiss or transfer *Azizpor* to the Southern District of California under the first-to-file rule. *See Azizpor* Dkt. 28.

Plaintiff Juan Rodriguez[2] alleges that he worked with Lowe's "as a Back End Supervisor [o]n or about December 2005 to on or about August 18, 2021." FAC ¶ 3. Plaintiff Eric Greimann alleges that he worked with Lowe's "as an Associate, Team Leader, and Cashier from [o]n or about 2005 to [o]n or about December 2020." *Id.* ¶ 7. Plaintiff Islas was dismissed from this action with prejudice, and the remaining named Plaintiffs have stipulated to arbitrate all their claims against Lowe's on an individual basis. *See* Dkt. 20. Plaintiffs allege violations of the California Labor Code on behalf of themselves and the Class they purport to represent, including for Lowe's alleged failure to (i) provide meal periods and rest breaks or pay premiums in lieu thereof in violation of Labor Code sections 226.7 and 512 (*id.* ¶¶ 83–102); (ii) provide overtime wages in violation of Labor Code sections 510 and 1194 (*id.* ¶¶ 103–15); (iii) maintain accurate records in violation of Labor Code section 1174 (*id.* ¶¶ 116– 22); (iv) pay all wages earned when due in violation of Labor Code section 204 (*id.* ¶¶ 123–28); (v) provide accurate itemized wage statements in violation of Labor Code section 226 (*id.* ¶¶ 129–38); (vi) reimburse work expenses in violation of Labor Code section 2802 (*id.* ¶¶ 139–49); and (vii) timely pay wages upon termination in violation of Labor Code sections 201–203 (*id.* ¶¶ 150–57). Plaintiffs further allege violations of the FLSA on behalf of themselves and the FLSA collective they purport to represent

---

[2] Lowe's is currently investigating whether Plaintiffs Rodriguez and Greimann also agreed to arbitrate their claims against Lowe's on an individual basis. By filing this motion to dismiss or transfer, Lowe's does not waive, and expressly reserves, all rights it may have to enforce its contractual right to arbitration. *See Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, at *3 (9th Cir. 2023).

1   for failure to pay overtime compensation.  *Id.* ¶¶ 73–82.  Finally, Plaintiffs seek relief under the Unfair

2   Competition Law ("UCL"), California Business and Professions Code section 17200 *et seq.*, premised

3   upon the Labor Code violations alleged in previous counts.  *Id.* ¶¶ 158–72.

4   **B.      The Overlapping Claims in *Merhi v. Lowe's Home Centers, LLC***

5          On February 15, 2022, nearly one year before this action and *Azizpor* were filed, 25 former

6   Lowe's employees (collectively, the "*Merhi* plaintiffs"), currently represented by Plaintiffs' counsel

7   here, filed a putative class action against Lowe's in the Superior Court of the State of California for the

8   County of San Diego.  *See* Lowe's Request for Judicial Notice ("RJN"), Ex. A, *Merhi* Complaint.  On

9   April 20, 2022, Lowe's timely removed the *Merhi* action to the Southern District of California.  *See*

10  *Merhi* Dkt. 1.  On July 22, 2022, the *Merhi* plaintiffs filed a First Amended Class, Collective, and

11  Representative Complaint, dismissing some plaintiffs and adding five additional plaintiffs as well as a

12  claim for alleged violations of the FLSA.  *See* RJN, Ex. B, *Merhi* First Amended Complaint ("*Merhi*

13  FAC").

14         Like Plaintiffs here, the *Merhi* plaintiffs' "class" is defined as "[a]ll individuals (a) who are

15  currently or formerly employed by [Lowe's] and performed work in California as Merchant Service

16  Associate, Assistant Manager, Assistant Store Manager, Store Manager, Sales Associate, Back End

17  Supervisor, Pro Service Specialist, Human Resources Manager, Customer Service Associate, Sales

18  Specialist, HR Business Partner, Commercial Sales, Overnight Operations Manager, Administrative

19  Clerk, Customer Service Representative, Kitchen Design Specialist, Overnight Stocker, Pricing

20  Coordinator, Night Operations Department Supervisor, Cash Office and similar job positions, job titles,

21  job codes, job classifications, job duties or job descriptions, during the Class Period."  *Merhi* FAC ¶ 89.

22  The *Merhi* plaintiffs also purport to represent various subclasses that consist of members of the class.

23  *Id.* ¶¶ 91–98.  The *Merhi* plaintiffs' "FLSA Collective" is defined as "[a]ll current and former hourly,

24  non-exempt employees of [Lowe's] in California during the time period three years prior to the filing

25  of this Complaint until resolution of this action."  *Id.* ¶ 78.

26         *Merhi* also involves identical claims for purported violations of the California Labor Code,

27  including for Lowe's alleged failure to (i) provide meal periods and rest breaks or pay premiums in lieu

28  thereof in violation of Labor Code sections 226.7 and 512 (*id.* ¶¶ 115–34); (ii) provide overtime wages

1    in violation of Labor Code sections 510 and 1194 (*id.* ¶¶ 135–47); (iii) maintain accurate records in

2    violation of Labor Code section 1174 (*id.* ¶¶ 148–54); (iv) pay all wages earned when due in violation

3    of Labor Code section 204 (*id.* ¶¶ 155–60); (v) provide accurate itemized wage statements in violation

4    of Labor Code section 226 (*id.* ¶¶ 161–70); (vi) reimburse work expenses in violation of Labor Code

5    section 2802 (*id.* ¶¶ 171–82); and (vii) timely pay wages upon termination in violation of Labor Code

6    sections 201–203 (*id.* ¶¶ 183–90).  *Merhi* also includes identical FLSA allegations for failure to pay

7    overtime compensation and seeks identical relief under the UCL, premised upon the Labor Code

8    violations alleged in previous counts.  *Id.* ¶¶ 105–14, 191–205.  In addition to these overlapping claims,

9    Plaintiff Merhi also alleges a claim for civil penalties under the Private Attorneys General Act, Labor

10   Code section 2698 *et seq.*, ("PAGA").  *Id.* ¶¶ 206–37.

11        On August 31, 2022, Judge Linda Lopez of the Southern District of California entered an order

12   granting the parties' stipulation to submit all but two of the named *Merhi* plaintiffs' individual claims

13   to arbitration following Lowe's production of the relevant arbitration agreements.  *See Merhi* Dkt. 22.

14   However, the parties disputed whether the two remaining named plaintiffs had also agreed to arbitrate

15   all their claims against Lowe's on an individual basis.  On September 16, 2022, Lowe's filed a motion

16   for an order compelling individual arbitration and seeking dismissal or a stay of the non-individual

17   PAGA claim asserted by plaintiff Merhi.  *See Merhi* Dkt. 23.  This motion has been fully briefed and

18   remains pending in the Southern District of California.  Should the motion be denied, the *Merhi* action

19   will proceed on the merits in district court.

20   **C.    The Overlapping Claims in *Azizpor v. Lowe's Home Centers, LLC***

21        On January 6, 2023, just three weeks before this action was filed, six former Lowe's employees

22   ("*Azizpor* plaintiffs"), also represented by Plaintiffs' counsel here, filed a second putative class and

23   collective action against Lowe's that is also currently pending before this Court.  *See* RJN, Ex. C

24   (*Azizpor* Compl.).

25        Like Plaintiffs here (and the *Merhi* plaintiffs), the *Azizpor* plaintiffs' "class" is defined as "[a]ll

26   current and former hourly, non-exempt workers employed by [Lowe's] throughout California any time

27   starting four years prior to the filing of this Complaint until resolution of this action."  *Id.* ¶ 62.  The

28   *Azizpor* plaintiffs likewise purport to represent an "FLSA Collective" defined as "[a]ll current and

former hourly, non-exempt employees of [Lowe's] in California during the time period three years prior to the filing of this Complaint until resolution of this action." *Id.* ¶ 52.

The *Azizpor* plaintiffs allege violations of the California Labor Code on behalf of themselves and the class they purport to represent, including for Lowe's alleged failure to (i) provide meal periods and rest breaks or pay premiums in lieu thereof in violation of Labor Code sections 226.7 and 512 (*id.* ¶¶ 80–99); (ii) provide overtime wages in violation of Labor Code sections 510 and 1194 (*id.* ¶¶ 100–12); (iii) maintain accurate records in violation of Labor Code section 1174 (*id.* ¶¶ 113–19); (iv) pay all wages earned when due in violation of Labor Code section 204 (*id.* ¶¶ 120–25); (v) provide accurate itemized wage statements in violation of Labor Code section 226 (*id.* ¶¶ 126–35); (vi) reimburse work expenses in violation of Labor Code section 2802 (*id.* ¶¶ 136–47); and (vii) timely pay wages upon termination in violation of Labor Code sections 201–203 (*id.* ¶¶ 148–55). The *Azizpor* plaintiffs further allege violations of the FLSA on behalf of themselves and the FLSA collective they purport to represent for failure to pay overtime compensation. *Id.* ¶¶ 70–79. Finally, the *Azizpor* plaintiffs seek relief under the UCL, premised upon the Labor Code violations alleged in previous counts. *Id.* ¶¶ 156–70.

On February 28, 2023, Lowe's filed a motion to dismiss or transfer *Azizpor* to the Southern District of California under the first-to-file rule. *See Azizpor* Dkt. 28.

While the classes in all three actions are pleaded slightly differently, as detailed in the chart below, it is clear they overlap significantly:

| Action | Rule 23 Putative Class | Putative FLSA Collective |
|--------|------------------------|--------------------------|
| *Merhi* | All "individuals who currently work or formerly worked for [Lowe's] in the State of California as **nonexempt**, hourly, full time and part time employees, at any given time [from **February 15, 2018**]" through certification "who [work/worked in exempt and non-exempt roles and] are currently or formerly employed by [Lowe's] and performed work in California as Merchant Service Associate, Assistant Manager, Assistant Store Manager, Store Manager, Sales Associate, Back End Supervisor, Pro Service Specialist, Human Resources Manager, Customer Service Associate, Sales Specialist, HR Business Partner, Commercial Sales, Overnight Operations Manager, Administrative Clerk, Customer Service Representative, Kitchen Design Specialist, Overnight Stocker, Pricing Coordinator, Night Operations | "All current and former hourly, non-exempt employees of [Lowe's] in California [from **February 15, 2019**] until resolution of this action." *Merhi* FAC ¶ 78 (emphasis added). |

Gibson, Dunn & Crutcher LLP

| Action | Rule 23 Putative Class | Putative FLSA Collective |
|---|---|---|
| | Department Supervisor, Cash Office and **similar job positions, job titles, job codes, job classifications, job duties or job descriptions**." *Merhi* FAC ¶¶ 46, 89 (emphases added). | |
| *Azizpor* | "All current and former hourly, non-exempt workers employed by [Lowe's] throughout California any time starting [**January 6, 2019**] until the resolution of this action." *Azizpor* Compl. ¶ 62 (emphasis added). | "All current and former hourly, non-exempt employees of [Lowe's] in California [from **January 6, 2020**] until resolution of this action." *Azizpor* Compl. ¶ 52, (emphasis added). |
| *Rodriguez* | "All current and former hourly, non-exempt workers employed by [Lowe's] throughout California any time starting [**January 31, 2019**] until the resolution of this action." FAC ¶ 65 (emphasis added). | "All current and former hourly, non-exempt employees of [Lowe's] in California [from **January 31, 2020**] until resolution of this action." FAC ¶ 55 (emphasis added). |

## III.    ARGUMENT

### A.    This Court Should Dismiss or Transfer This Action Under the First-to-File Rule

This Court should dismiss this action—or, at the very least, transfer this action to the Southern District of California, where the first-filed *Merhi* action is currently pending and where Lowe's is similarly seeking to transfer *Azizpor*. Under the first-to-file rule, courts may "transfer, stay, or dismiss [a later-filed case] in the interest of efficiency and judicial economy." *Davis v. MacuHealth Distrib., Inc.*, 2020 WL 2793078, at *2 (E.D. Cal. May 29, 2020) (quoting *In re Bozic*, 888 F.3d at 1051–52 (internal quotation marks omitted)). The rule is "designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016). As class actions "are frequently complex affairs which tax judicial resources," they are the "cases in which the[se] principles of avoiding duplicative proceedings and inconsistent holdings are at their zenith." *Hilton v. Apple Inc.*, 2013 WL 5487317, at *7 (N.D. Cal. Oct. 1, 2013).

To determine if the rule is applicable, "a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Grp., Inc. v. Auto Parts Mfg.*

Gibson, Dunn &
Crutcher LLP

*Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). Where the rule applies, the court can choose among remedies: transfer (where, as here, the cases are pending in different district courts), dismissal, or a stay. *Location Servs., LLC v. Digit. Recognition Network, Inc.*, 2018 WL 3869169, at *4 (E.D. Cal. Aug. 15, 2018) (dismissing duplicative claims under first-to-file rule and transferring remaining claims); *Hoyt v. Amazon.com, Inc.*, 2019 WL 1411222, at *3–4, *8 (N.D. Cal. Mar. 28, 2019) (transferring rather than staying action under first-to-file rule notwithstanding multiple earlier-filed actions in the same district because transfer would better "avoid[] duplicative litigation"). When examining whether to transfer a case pursuant to the first-to-file rule, courts also examine the principles that govern requests for transfer under Section 1404(a)—namely, the convenience of the parties and the interests of justice. *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1293 (N.D. Cal. 2013). A court may dismiss a second-filed lawsuit where it asserts duplicative claims—even if filed by different named plaintiffs. *Peak v. Green Tree Fin. Servicing Corp.*, 2000 WL 973685, at *2–3 (N.D. Cal. July 7, 2000) ("Though the named plaintiffs are different, the issues presented in this case sufficiently duplicate those presented [in the earlier-filed action] to justify dismissing this case" under the first-to-file rule.). Given the relatively early stages of this action, *Merhi*, and *Azizpor*, outright dismissal or transfer of this action to the Southern District is warranted here. But, regardless of which discretionary remedy is applied, the rule is meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments, both of which are attendant risks here should Plaintiffs be allowed to proceed with their claims in this forum. *See id.* at *1.

### 1. The Court Should Use Its Discretion and Apply the First-to-File Rule

As detailed below, all three factors required for the application of the first-to-file rule are plainly met in this case: The earlier-filed actions preceded this action, the parties overlap, and the issues in the cases are the same.

***First***, the "chronology of the lawsuits" plainly favors dismissal or transfer. *See Negrete v. Petsmart, Inc.*, 2013 WL 4853995, at *2 (E.D. Cal. Sept. 10, 2013) ("Where duplicative actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction generally should proceed with the litigation."). *Merhi*, which is currently pending before Judge Lopez in the Southern

District of California, was filed ***nearly a year*** before this case.  *See supra*, Section II.B.  Likewise, *Azizpor* was filed almost a month before this case.  *See supra*, Section II.C.  Thus, the earlier-filed actions were filed before Plaintiffs filed their Complaint here.

***Second***, there is undeniably a substantial "similarity of the parties," as the plaintiffs in all three actions—who are represented by the same counsel—seek to represent the same putative class against the same defendant.  *See Horne v. Nissan N. Am., Inc.*, 2018 WL 746467, at *3 (E.D. Cal. Feb. 6, 2018) ("[I]n a class action, the classes, and not the class representatives, are compared." (internal quotation marks omitted)); *see also Medlock v. HMS Host USA, Inc.*, 2010 WL 5232990, at *4 (E.D. Cal. Dec. 16, 2010) (transferring case under first-to-file rule noting that "exact identity of [the] parties is not required to satisfy the first-to-file rule. . . .  The rule is satisfied if some parties in one matter are also in the other matter," (internal quotation marks omitted)).  Lowe's is the named defendant in all three lawsuits.[3]  The Plaintiffs' putative class and alleged claims for relief in this case overlap completely with those alleged in both of the earlier-filed actions.

Here, the members of the putative class and collective actions Plaintiffs seek to represent are ***entirely subsumed*** by the scope of the putative classes and collectives pled in the earlier-filed actions. *Compare* FAC ¶¶ 55, 65, *with Merhi* FAC ¶¶ 78, 89, *and Azizpor* Compl. ¶¶ 52, 62.  While the *Merhi* FAC identifies various job titles, it goes on to include "similar job positions, job titles, job codes, job classifications, job duties or job descriptions," including the job titles held by Plaintiffs here.  *Compare id. with supra*, Section II.A.  Thus, Plaintiffs here seek to represent only a subset of the putative class that is already represented by the plaintiffs in *Merhi* and *Azizpor*:  "current and former hourly, non-exempt workers employed by [Lowe's] throughout California" from January 31, 2019 to the present for state law claims, as well as all "current and former hourly, non-exempt employees of [Lowe's] in California" from January 31, 2020 to the present for their FLSA claim.  FAC ¶ 55, 65.  Accordingly, every putative class and collective member in this case is also a putative class and collective member in both *Merhi* and *Azizpor*.  And even if that were not the case, the law does not require "exact parallelism" on this point; it is sufficient if the parties and the issues are "substantially similar." *Nakash*

---

[3]  Lowe's Home Centers, LLC is Plaintiffs' sole employer; the defendants "Lowe's Home Centers, Inc." and "Lowe's Home Center, LLC" in the other actions refer to entities that do not exist.

Gibson, Dunn &
Crutcher LLP

*v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) (applying similarity analysis in the context of concurrent state and federal actions); *see also Urbina v. Freedom Mortg. Corp.*, 2020 WL 4194086, at *3 (E.D. Cal. July 21, 2020) ("[P]roposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals." (internal quotation marks omitted)).

*Third*, the issues presented by this action and the earlier-filed ones, are not just substantially similar—they are identical.[4]  *See Pac. Coast Breaker, Inc. v. Conn. Elec., Inc.*, 2011 WL 2073796, at *4 (E.D. Cal. May 24, 2011) (in determining whether to apply the first-to-file rule, "[a] court must examine whether the actions present closely related questions or common subject matter" (internal quotation marks omitted)).  Not a single one of Plaintiffs' claims or theories is unique.  ***Every single claim is already being advanced in one (or both) of the earlier-filed actions***.  This legal and factual overlap is undeniable, as the following chart shows:

| Claim | *Merhi* | *Azizpor* | *Rodriguez* |
|---|---|---|---|
| **FLSA Overtime** | Alleging Lowe's "fail[ed] to compensate . . . for all hours worked and . . . fail[ed] to pay the legally mandated overtime premium for such work." *Merhi* FAC ¶ 109. | Alleging Lowe's "fail[ed] to compensate . . . for all hours worked and . . . fail[ed] to pay the legally mandated overtime premium for such work." *Azizpor* Compl. ¶ 74. | Alleging Lowe's "fail[ed] to compensate . . . for all hours worked and . . . fail[ed] to pay the legally mandated overtime premium for such work." FAC ¶ 77. |
| **Provide Meal Periods** | Alleging plaintiffs and putative class members "are/were . . . force[d ] to work during their lunch breaks," "did not waive their right to timely meal periods," and were not "pa[id] . . . an additional hour of pay for these meal period violations." *Merhi* FAC ¶¶ 120–21, 123. | Alleging plaintiffs and putative class members "are/were . . . force[d ] to work during their lunch breaks," "did not waive their right to timely meal periods," and were not "pa[id] . . . an additional hour of pay for these meal period violations." *Azizpor* Compl. ¶¶ 85–86, 88. | Alleging Plaintiffs and putative class members "are/were . . . force[d ] to work during their lunch breaks," "did not waive their right to timely meal periods," and were not "pa[id] . . . an additional hour of pay for these meal period violations."  FAC ¶¶ 88–89, 91. |

---

[4]  The *Merhi* plaintiffs' only unique claim is their claim for penalties under the PAGA.  *Merhi* FAC ¶¶ 206–237.

Gibson, Dunn & Crutcher LLP

DEFENDANT'S MOTION TO DISMISS OR TRANSFER ACTION
CASE NO. 3:23-CV-00453-MMC

| Claim | *Merhi* | *Azizpor* | *Rodriguez* |
|---|---|---|---|
| **Provide Rest Breaks** | Alleging plaintiffs and putative class members were "prevented from timely taking rest breaks due to constant work demands and staffing shortages" and "were not paid premium pay penalties." *Merhi* FAC ¶¶ 130–32. | Alleging plaintiffs and putative class members were "prevented from timely taking rest breaks due to constant work demands and staffing shortages" and "were not paid premium pay penalties." *Azizpor* Compl. ¶¶ 95–97. | Alleging Plaintiffs and putative class members were "prevented from timely taking rest breaks due to constant work demands and staffing shortages" and "were not paid premium pay penalties." FAC ¶¶ 98–100. |
| **Pay Overtime** | Alleging plaintiffs and putative class members "worked in excess of 8 hours in a workday and/or 40 hours in a workweek" and were "pressure[d] to clock out while they are/were still required to complete tasks" and did not receive overtime compensation. *Merhi* FAC ¶¶ 143–46. | Alleging plaintiffs and putative class members "worked in excess of 8 hours in a workday and/or 40 hours in a workweek" and were "pressure[d] to clock out while they are/were still required to complete tasks" and did not receive overtime compensation. *Azizpor* Compl. ¶¶ 108–11. | Alleging Plaintiffs and putative class members "worked in excess of 8 hours in a workday and/or 40 hours in a workweek" and were "pressure[d] to clock out while they are/were still required to complete tasks" and did not receive overtime compensation. FAC ¶¶ 111–14. |
| **Maintain Accurate Records** | Alleging Lowe's "failed to accurately record, track, maintain and keep accurate records of each and every hour worked and wages earned." *Merhi* FAC ¶ 150. | Alleging Lowe's "failed to accurately record, track, maintain and keep accurate records of each and every hour worked and wages earned." *Azizpor* Compl. ¶ 115. | Alleging Lowe's "failed to accurately record, track, maintain and keep accurate records of each and every hour worked and wages earned." FAC ¶ 118. |
| **Pay All Wages When Due** | Alleging Lowe's "failed and intentionally refused to pay all wages [plaintiffs and putative class members] were entitled to, twice monthly." *Merhi* FAC ¶ 158. | Alleging Lowe's "failed and intentionally refused to pay all wages [plaintiffs and putative class members] were entitled to, twice monthly." *Azizpor* Compl. ¶ 123. | Alleging Lowe's "failed and intentionally refused to pay all wages [plaintiffs and putative class members] were entitled to, twice monthly." FAC ¶ 126. |

| Claim | *Merhi* | *Azizpor* | *Rodriguez* |
|---|---|---|---|
| **Provide Accurate Wage Statements** | Alleging Lowe's "did not reflect or include all wages earned during each and every pay period." *Merhi* FAC ¶ 169. | Alleging Lowe's "did not reflect or include all wages earned during each and every pay period." *Azizpor* Compl. ¶ 134. | Alleging Lowe's "did not reflect or include all wages earned during each and every pay period." FAC ¶ 137. |
| **Reimburse Expenses** | Alleging Lowe's "continue[s] to refuse to reimburse and indemnify . . . for all necessary expenditures and losses incurred" including "desk, chair, and other items related to the specific work space" and "the proportionate share of . . . mortgage or rent; property taxes; homeowner insurance premiums; utilities such as electricity, gas, and water, and trash collection services." *Merhi* FAC ¶ 177. | Alleging Lowe's "continue[s] to refuse to reimburse and indemnify . . . for all necessary expenditures and losses incurred" including "desk, chair, and other items related to the specific work space" and "the proportionate share of . . . mortgage or rent; property taxes; homeowner insurance premiums; utilities such as electricity, gas, and water, and trash collection services." *Azizpor* Compl. ¶ 142. | Alleging Lowe's "fail[s] to reimburse" Plaintiffs and putative class members for expenses incurred "by using their personal cell phones, personal cell phone data plans, personal Internet access, home Internet access, and their personal vehicles." FAC ¶ 144. |
| **Waiting Time** | Alleging Lowe's "willfully failed to make timely payment of the full wages." *Merhi* FAC ¶ 188. | Alleging Lowe's "willfully failed to make timely payment of the full wages." *Azizpor* Compl. ¶ 153. | Alleging Lowe's "willfully failed to make timely payment of the full wages." FAC ¶ 155. |

These ***identical*** claims warrant outright dismissal and are more than sufficient to permit transfer. *See Peak*, 2000 WL 973685, at *2–3 (dismissing later-filed action under the first-to-file rule); *Horne*, 2018 WL 746467, at *3 (transferring case and noting that "[a]s with the parties, the first-to-file rule only requires substantial similarity of the issues," and that it is sufficient that "both actions arise from the same underlying events with the same defendants"). Thus, as all factors are plainly met, the Court should enter an order dismissing or transferring this action under the first-to-file rule.

**2.      This Court Should Dismiss This Action Under the First-to File Rule**

The first-to-file considerations support dismissal of this action. Indeed, courts regularly order dismissal where a plaintiff's claims are duplicative of earlier-filed actions. *See, e.g., Location Servs.*,

*LLC*, 2018 WL 3869169, at \*3–4 (dismissing duplicative claim under the first-to-file rule); *Peak*, 2000 WL 973685, at \*2–3 (dismissing later-filed action under the first-to-file rule); *Backgrid USA, Inc. v. Enttech Media Grp. LLC.*, 2020 WL 6888723, at \*4 (C.D. Cal. Oct. 1, 2020) (same).   In light of this being the *third* lawsuit in a string of duplicative cases containing nearly identical parties and issues, dismissal "would promote judicial economy" because the Southern District of California "is capable of efficiently resolving the issues given that it is already familiarizing itself" with the same legal framework and factual disputes at issue in this case and *Merhi*.  *See SMIC, Ams. v. Innovative Foundry Techs. LLC*, 473 F. Supp. 3d 1021, 1028 (N.D. Cal. 2020).  Indeed, the parties in *Merhi* have already fully briefed a motion to compel arbitration of the *Merhi* plaintiffs' claims.  Because there can be no reasonable dispute that there are already two earlier-filed actions that would resolve, if not entirely eliminate, all of the disputed issues in this case, the first-to-file rule unquestionably supports outright dismissal of this action.

That Plaintiffs seek additional remedies of declaratory and injunctive relief does not preclude dismissal here.  As former employees, (*see* FAC ¶¶ 3, 7), Plaintiffs Rodriguez and Greimann (the only remaining Plaintiffs in this action) lack standing to pursue declaratory and injunctive relief.  *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 988 (9th Cir. 2011) (explaining that former employees do not have standing to seek injunctive relief); *Zanze v. Snelling Servs., LLC*, 412 F. App'x 994, 997 (9th Cir. 2011) (noting former employees cannot state a claim for declaratory or injunctive relief).  Because this Court lacks subject-matter jurisdiction over Plaintiffs' UCL claim to the extent it seeks declaratory and injunctive relief, it is subject to dismissal under Rule 12(b)(1).  *See, e.g.*, *Howell v. Leprino Foods Co.*, 2020 WL 1820052, at \*4 (E.D. Cal. Apr. 10 2020) (dismissing former employee's claim for injunctive relief under Rule 12(b)(1)).

In any event, the "court of first filing" is capable of providing "adequate remedies"—to the extent Plaintiffs prove they are entitled to them—in the form of compensatory damages, attorneys' fees, interests, and costs, which Plaintiffs seek here.  *See Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 963 (N.D. Cal. 2008); *compare* FAC, Prayer ¶¶ 1–10, 1–16, *with Merhi* FAC, Prayer ¶¶ 1–10, 1–16, *and Azizpor* Compl., Prayer ¶¶ 1–10, 1–16. "Dismissal is proper where the court of first filing provides adequate remedies," as the *Merhi* court does here.  *Intersearch*

13

Gibson, Dunn &
Crutcher LLP

*Worldwide, Ltd.*, 544 F. Supp. 2d at 963; *see also*; *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1099 (N.D. Cal. 2006) (rejecting plaintiff's argument that "if the action is dismissed pursuant to the first-to-file doctrine, it would be deprived of [an] additional remedy"). Accordingly, this Court should dismiss this action under the first-to-file rule.

### 3. Alternatively, Transfer Is Appropriate Under the First-to-File Rule

As explained *supra* Section III.A.1, the first-to-file considerations supporting dismissal also support transfer of this action. If this Court is not inclined to dismiss this case, it should use its discretion to transfer this later-filed action to the Southern District. *See Zerez Holdings Corp. v. Tarpon Bay Partners, LLC*, 2018 WL 402238, at *6 (E.D. Cal. Jan. 12, 2018) (transferring case where both actions "arise out of the 'same nucleus of facts'" such that allowing both to proceed in different districts simultaneously would "risk [] the embarrassment of conflicting judgments" (internal quotation marks omitted)); *Tompkins v. Basic Rsch. LL*, 2008 WL 1808316, at *6 (E.D. Cal. Apr. 22, 2008) (transferring where the cases "would most efficiently be resolved by the same court" as "the issues of liability significantly overlap"); *eNom, Inc. v. Philbrick*, 2008 WL 4933976, at *2 (W.D. Wash. Nov. 17, 2008) (applying first-to-file rule despite unique claim in the later-filed case because the "issues [we]re overwhelmingly similar" and "[b]oth cases ar[o]se out of the same nucleus of operative facts"). In all three actions, the same substantive legal questions are presented, including, (1) whether the Plaintiffs (and absent putative class and collective members) are subject to valid and binding arbitration agreements, (2) the appropriateness of class and collective action treatment of the claims alleged here, and (3) whether Lowe's violated the FLSA and various Labor Code sections. As a result, transfer is appropriate to ensure judicial economy and overall consistency and efficiency as to those issues moving forward.

In short, all three first-to-file factors support an order transferring this case to the Southern District of California, where *Merhi* is currently pending before Judge Lopez and where Lowe's is also seeking transfer of *Azizpor*. *See Jeske v. Cal. Dep't of Corr. and Rehab.*, 2012 WL 1130639, at *8 (E.D. Cal. Mar. 30, 2012). Because "[t]here [is] at least [one] other class action[] pending in the [Southern] District of California that allege[s] similar wage and hour claims against the Defendant . . . the balance of sound judicial administration, conservation of judicial resources, comprehensive

disposition of litigation, and efficiency favor transfer of this action to the [Southern] District." *See id.*; *see also Wallerstein*, 967 F. Supp. 2d at 1298 (transferring second-filed class action to the Central District of California); *Maciel v. Flowers Foods, Inc.*, 2020 WL 5760448, at *4 (N.D. Cal. Sept. 28, 2020) (transferring an action to the Southern District, even though the earlier-filed, overlapping case was stayed, reasoning that "allowing [the later-filed case] to proceed with the same claims that are before the [other] court" would still "interfere with that court's disposition of the case" and "impact potential class . . . members in that case").

## B.    Transfer Is Also Appropriate Under Section 1404(a)

The principles that govern requests for transfer under Section 1404(a)—convenience and the interests of justice—also support transfer.  *See Wallerstein*, 967 F. Supp. 2d at 1293) ("A court may, in its discretion, decline to apply the first-to-file rule in the interests of equity or where the Section 1404(a) balance of convenience weighs in favor of the later-filed action.").

As with the first-to-file rule, the purposes of transfer pursuant to Section 1404(a), which are "to prevent the waste of time, energy, and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense," will be furthered by a transfer of this action to the Southern District.  *Imhoff v. Cal. Tchrs. Ass'n*, 2019 WL 294310, at *1 (E.D. Cal. Jan. 23, 2019) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)); *see also* 28 U.S.C. § 1404(a); *Davis*, 2020 WL 2793078, at *3–4 (noting that the balance of convenience weighed in favor of transfer under the first-to-file rule given the "relative congestion of the court(s)" and "substantial overlap between the two suits" (internal quotation marks omitted)); *N. S B v. Pascarella*, 2020 WL 3492562, at *3 (E.D. Cal. June 26, 2020) (transferring action to the Central District of California pursuant to Section 1404); *Shields v. Amerigas Propane, Inc.*, 2015 WL 5436772, at *7 (E.D. Cal. Sept. 15, 2015) (same); *Gatdula v. CRST Int'l, Inc.*, 2011 WL 445798, at *3 (E.D. Cal. Feb. 8, 2011) (same).

***First,*** transfer will avoid duplicative litigation and promote judicial economy.  If transferred, the Southern District would likely assign this action to the Honorable Linda Lopez, who, as noted above, is currently presiding over the *Merhi* action.  Absent a transfer, Lowe's may be forced to litigate Plaintiffs' claims nearly simultaneously in two fora, which would plainly give rise to overlapping arguments, discovery, briefs, and rulings at virtually every stage in the litigation.    In short,

Gibson, Dunn &
Crutcher LLP

15

"simultaneous adjudication of both cases would waste judicial resources, multiply the proceedings, undermine judicial efficiency, and risk conflicting determinations of the parties' legal rights."  *eNom*, 2008 WL 4933976, at *3 (finding transfer appropriate under the first-to-file rule and Section 1404); *Negrete*, 2013 WL 4853995, at *4 (transferring case upon finding that "both actions assert identical violations of the California Labor Code, and other California Code sections, which are based on the same practices occurring during the same time period").  Such duplication of litigation easily can be avoided here by transferring this action to the Southern District.

**Second**, transfer will result in a speedier resolution of the case.  *See Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1167–68 (S.D. Cal. 2005).  The Southern District is less congested than this District. A comparison of the median times from filing to disposition shows that the Southern District has a faster docket:  the median time in the Northern District is 11.4 months, compared to 9.0 months in the Southern District.  *See* Table C-5, U.S. District Courts—Median Time From Filing to Disposition of Civil Cases, by Action Taken, During the 12-Month Period Ending September 30, 2022, available at https://www.uscourts.gov/sites/default/files/data_tables/jb_c5_0930.2022.pdf.

**Third**, transfer will avoid inconsistent decisions or verdicts.  *See Jolly v. Purdue Pharma L.P.*, 2005 WL 2439197, at *2 (S.D. Cal. Sept. 28, 2005); *Cohn v. Oppenheimerfunds, Inc.*, 2009 WL 3818365, at *6 (S.D. Cal. Nov. 12, 2009).  If this action and *Merhi* proceed separately, there is a possibility that the courts will reach different results on identical legal and factual questions, and that juries will reach different verdicts on liability and damages.  Such concerns will be eliminated if this action is transferred to the Southern District of California.  *See Cohn*, 2009 WL 3818365, at *6 (transferring action, in part to "avoid[ ] the possibility of inconsistent judgments").

**Fourth**, transfer will avoid the risk of confusion to putative class and collective members who may receive competing and conflicting communications regarding this case in the unlikely event that this case is certified as a class or collective action or potentially in the course of discovery.  Because there is complete overlap in the putative class and collective membership of these actions, many individuals would potentially receive communications in both actions.  These duplicate communications would not only be a waste of litigants' resources, but would also likely be confusing, competing, and potentially conflicting.  *See, e.g.*, *Clayborn v. Amazon.com Services, LLC*, 2021 WL

16

7707763, at *6 (C.D. Cal. Nov. 9, 2021) (staying later filed parallel proceeding, finding "allowing [the] case to proceed simultaneously with [two other cases] risk[ed] posing confusion to putative class members"); *Fernandez v. Boiron, Inc.*, 2021 WL 1889763, at *4 (C.D. Cal. Apr. 26, 2012) (staying parallel proceeding finding "continued class litigation in the [parallel case] pose[d] a risk of confusion to putative class members in the form of uncertainty as to whether they [were] a member of one class or another, and whether and how their rights [were] being protected"). Transfer to the Southern District, on the other hand, would result in uniform and efficient communications.

**Fifth**, this action could have been brought in the Southern District of California because venue was proper there pursuant to 28 U.S.C. § 1391. Among other reasons, "a substantial part of the events or omissions giving rise to the claim occurred" in that district. 28 U.S.C. § 1391(b)(2). Plaintiffs allege that Lowe's violated the FLSA and California Labor Code throughout California. *See* FAC ¶¶ 24–54.

**Finally**, although the Northern District reflects Plaintiffs' choice of forum, this Court should give that choice little, if any, weight here because this is a class action. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1214 (S.D. Cal. 2013). This is particularly true when the plaintiffs do not reside in the chosen forum or when "the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter." *Valencia v. VF Outdoor, LLC*, 2020 WL 7406007, at *2 (N.D. Cal., Dec. 17, 2020) (transferring case after finding "no class member" worked in the District (citing *Lou*, 834 F.2d at 739)). Here, Plaintiffs Rodriguez and Greimann (the only Plaintiffs with any claims remaining in this action) allege that they worked in West Hills, California and Fresno, California, Lowe's stores located in the Central and Eastern Districts. FAC ¶ 3. The remainder of the named Plaintiffs allege they worked in cities throughout the entire state, including additional locations within the Central (Cannon, Garcia), Southern (Hernandez), Eastern (Leon, Butts), and Northern (Blackwell) Districts. *Id.* ¶¶ 3–11. Thus, Plaintiffs' choice of forum should be given little weight. This is so, especially where, as here, Plaintiffs' counsel is already pursuing an *identical* suit in the Southern District of California and none of the evidence as to Rodriguez's or Greimann's individual claims, including witnesses, are even located in this District. Counsel for the *Merhi* plaintiffs should not be allowed to simultaneously represent employees in three separately filed class and collective actions that allege the same claims against the

1  same defendant in two different forums merely because the second and third suits are brought on behalf

2  of different named plaintiffs.  In fact, "[w]here forum-shopping is evident . . . courts should disregard

3  plaintiff's choice of forum."  *Foster v. Nationwide Mut. Ins. Co.*, 2007 WL 4410408, at *2 (N.D. Cal.

4  Dec. 14, 2007).  Plaintiffs' attempt to forum shop is evidenced not only by filing this action, but by

5  their counsel's choice to file *yet another identical action* in this District just one month before filing

6  the instant case.  *See Azizpor* Compl.  The Court should reject this gamesmanship and transfer both

7  actions to the Southern District, where the first-filed case is pending.

8          At bottom, this case is virtually identical to an earlier-filed putative class and collective action

9  against Lowe's pending in the Southern District of California.  The first-to-file rule and interests of

10  justice and efficiency would be best served by transfer of this action to the Southern District.

11                              **IV.    CONCLUSION**

12          For the foregoing reasons, Lowe's respectfully requests that the Court dismiss or transfer this

13  action to the Southern District of California pursuant to the first-to-file rule and section 1404.

14  DATED: March 2, 2023                          Respectfully submitted,

15                                                GIBSON, DUNN & CRUTCHER LLP
                                                  MICHELE L. MARYOTT
16                                                KATHERINE V.A. SMITH
                                                  KATIE M. MAGALLANES
17

18                                                By:  */s/ Katie M. Magallanes*
                                                        Katie M. Magallanes
19
                                                  Attorneys for Defendant
20                                                LOWE'S HOME CENTERS, LLC

21

22

23

24

25

26

27

28